+ FRANK RATTERMAN, TREAS., v. GARDNER E. PHIPPS ET AL.

OMISSION OF PROPERTY CLEARLY TAXABLE EVIDENCE THAT OMISSION OF OTHER PROPERTY WHICH MIGHT BE QUESTIONABLE WAS A FALSE RETURN.

Where it is shown that the owners of shares of the stock of a railroad company, which by our laws is taxable here and should have been returned for taxation, for several years failed to return the same as they were required by law to do, and such failure was not justified or excused on the principles settled in the case of Ratterman v. Ingalls, 46 O. S., 468, though they may, without good cause shown, have been of the opinion that the same were not taxable, and when it further appears that during the same years, the same persons owning a large number of shares in the stock of other companies, which were clearly taxable, (and as to which there was no reason whatever to believe that they were not taxable), failed to return the same, such returns as to the first named shares of stock in contemplation of law were "false returns," and the auditor of the county was authorized under the provisions of secs. 2781 and 2782. Rev. Stat., to ascertain the true amount that should have been returned for taxation by the owners for such stock for the next preceding five years, and to place upon the duplicate the proper amount of taxes thereon, and on the taxes so found due for the years after the passage of the act of April 14, 1886, a penalty of 50 per cent.

*For a later decision in this case, see 6 Circ. Dec., 488. For decision of the court of common pleas, see 4 Dec., 453.

Error to the Court of Common Pleas of Hamilton county.

SMITH, J.

We are of the opinion that the evidence in this case as to the shares of stock in the Pittsburg, Ft. Wayne and Chicago Railroad Co. held by Gardner Phipps, dec'd, in his life time, and after his death by his executors and trustees, does not bring the owners and holders of such stock within the principles announced by the supreme court in the case of Ratterman v. Ingalls, 48 O. S., 468, so as to excuse them from having failed to make a return thereof for taxation for the years mentioned in the petition, and for which years, the county auditor in January, 1888, in pursuance of the provisions of secs. 2781 and 2782 Rev. Stat., placed on the duplicate for collection, the amount of the taxes which would have been payable thereon for the several years, if the proper return thereof had been made by the owners of such stock; and in addition to this also placed on the duplicate a penalty of 50 per centum on the amount of the tax so assessed for the years 1886 and 1887. At the same time the auditor found that in all of said years no return had been made by such defendants of a large amount of stock held and owned by them in other companies, which it is conceded were taxable, and should have been returned for taxation under our laws for these several years, and the amount of such taxes were by the auditor at the same time placed on the duplicate for collection. But so far as these other securities are concerned, no question is now before the court, for after this suit was commenced, in which it was sought to recover such taxes, as well as those assessed on the stock of the Pittsburg, Ft. Wayne and Chicago Co., by consent a judgment was rendered against the defendants for the taxes thereon, which has been paid, and the only question remaining is as to the taxes for the years named, on the stock of the last named railroad company, and the penalty on the taxes levied thereon for the years 1886 and 1887.

Having found that the evidence in the case does not show such a state of fact as excused the owners of this stock from returning the same for taxation, for this and the additional reason that from the returns made by the defendants for all of these years a very large amount of other securities held and owned by them, clearly taxable, and which apparently no one had reason to suppose were exempt from taxation, was omitted by the owners thereof, we think it must be held that in contemplation of the statute, the returns so made were "false returns," and that the auditor of the county, under the sections referred to, was authorized to ascertain the true amount that should have been returned for taxation by the owners of such securities, "for the five years next prior to the year in which the inquiries and corrections provided for" were made, and to place upon the duplicate the proper amount of taxes thereon, and on the taxes so found due, for the years after the passage of the act of April 14, 1886, a penalty of 50 per cent., all of which was done, and in our opinion properly done.

The court of common pleas having taken an entirely different view of the law and the evidence, and having overruled a motion for a new trial, and rendered a judgment for the defendants, this judgment will be reversed, with costs, and a new trial awarded.

W. L. Avery, for plaintiff in error.

Wm. Worthington, for defendant in error.